**Original filed 5/18/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BOBBY ROANE, JR., | ) | No. C 05-0633 JF (PR) |
| | ) | |
| Plaintiff, | ) | PARTIAL DISMISSAL ORDER; |
| | ) | ORDER OF SERVICE |
| vs. | ) | |
| | ) | |
| E. HUESEMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a detainee at the Alameda County Santa Rita jail proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court initially dismissed the complaint in part with leave to amend because Plaintiff failed to set forth sufficient facts to state a claim against all of the named Defendants. Plaintiff has filed an amended complaint. The Court dismisses Plaintiff's claims against Defendant Alameda County and orders service of the complaint on the remaining Defendants.

**BACKGROUND**

Plaintiff alleges that on or about December 8, 2004, he was repeatedly struck in the face with a closed fist by Officer E. Hueseman. Hueseman also struck Plaintiff in the face with a flashlight. Officer R. Johnson struck Plaintiff in the ribs several times and then put Plaintiff in a

carotid hold and Plaintiff could not breathe.  See Amended Complaint at 3.  After Plaintiff broke free from Officer Johnson's hold, Officer McGuinn grabbed Plaintiff and put him in a carotid hold.  Plaintiff was handcuffed and sitting on the curb, while the officers allegedly discussed that Officer Hueseman was going to have to say that Plaintiff tried to break his finger because of Officer Hueseman's strikes to Plaintiff's face.  During the incident, Plaintiff was in a prone position on the ground and was struck by so many officers that he could not comply with the officers' commands to put his hands behind his back.  See Amended Complaint, Attachment at 1.  Plaintiff was taken to Highland Hospital where he received a cat scan.  Plaintiff suffered a broken nose and injured his forehead.  See Amended Complaint at 3.

Plaintiff claims that the arresting officers were inconsistent and followed improper procedures when they failed to provide him with the standard of care and best practices included in the Police Department's policy and training.  Plaintiff alleges that Oakland Police Officers N. Joshi, R. Holmgren, S.Glover, J. Saunders, and Sergeant M. Reilly conspired to fabricate a false police report and failed to intervene during Plaintiff's beating.  Plaintiff states that the Oakland Police Department maintains a custom, habit and policy of allowing this illegal unconstitutional behavior to exist by its officers.  Plaintiff contends that the Oakland Police Department remains firm in being deliberately indifferent to adequately training said officers not to engage in constitutional violations.  See Amended Complaint, Attachment at 1.

Plaintiff requests that the Defendants be required to desist such customs, habits and policies and that each Defendant receive some viable corrective training to not be indifferent to the public's relevant, substantial constitutional rights that Plaintiff was maliciously subjected to.  Plaintiff also requests compensatory and punitive monetary damages.  Plaintiff names the following Defendants in his complaint: Alameda County, City of Oakland, Oakland Police Department, E. Hueseman, R. Johnson, McGuinn, N. Joshi, R. Holmgren, S. Glover, J. Saunders, and Sgt. M. Reilly.  See Amended Complaint at 2; Attachment at 2.

\\\
\\\
\\\

# DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

B.   Plaintiff's Claims

The use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. See Graham v. Connor, 490 U.S. 386, 394-95 (1989). Determining whether the force used to effect a particular seizure is reasonable requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. Id. at 396. Because the reasonableness test is not capable of precise definition or mechanical application, its proper application requires careful attention to the facts and circumstances of each particular case,

1  including the severity of the crime at issue, whether the suspect poses an immediate threat to the
2  safety of the officers or others, and whether he is actively resisting arrest or attempting to evade
3  arrest by flight. Id. These factors are not exclusive, however, and the totality of the particular
4  circumstances of each case must be considered. See Fikes v. Cleghorn, 47 F.3d 1011, 1014 (9th
5  Cir. 1995). This analysis also applies where there has not been a formal arrest, but there has
6  been a "seizure" within the meaning of the Fourth Amendment, i.e., the suspect reasonably
7  believes he is not free to leave. Robinson v. Solano, 278 F.3d 1007, 1013-14 (9th Cir. 2002) (en
8  banc). Police officers may also be held liable if they have an opportunity to intercede when their
9  fellow officers violate the constitutional rights of a plaintiff but fail to do so. See Cunningham v.
10 Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

11   The Court concludes that Plaintiff has alleged a cognizable claim of excessive force
12 against Defendants E. Hueseman, R. Johnson, and McGuinn. Plaintiff has alleged a cognizable
13 claim against Defendants N. Joshi, R. Holmgren, S.Glover, J. Saunders, and Sergeant M. Reilly
14 for failing to intervene during Plaintiff's beating and covering up the incident in a false police
15 report. Liberally construed, Plaintiff has alleged a cognizable claim against the City of Oakland
16 Police Department for its alleged custom and policy of allowing unconstitutional police behavior
17 and failing to adequately train its officers resulting in deliberate indifference. The Court will
18 order service of the amended complaint on these Defendants.

19   As to Defendant Alameda County, the Court concludes that Plaintiff fails to allege any
20 facts to support liability on the part of this Defendant. Accordingly, Defendant Alameda County
21 is DISMISSED without further leave to amend.

22                         **CONCLUSION**

23   1.   All claims against Defendant Alameda County are DISMISSED
24 without further leave to amend.

25   2.   The Clerk shall issue a summons and the United States Marshal shall serve,
26 without prepayment of fees, copies of the amended complaint in this matter (docket no. 6), all
27 attachments thereto, and copies of this order on the following Defendants: the Oakland Police
28 Department; Officer E. Hueseman, Officer R. Johnson, Officer McGuinn, Officer N. Joshi,

Partial Dismissal Order; Order of Service
P:\pro-se\sj.jf\cr.05\Roane633srv            4

1  Officer R. Holmgren, Officer S. Glover, Officer J. Saunders, and Sergeant M. Reilly, of the

2  Oakland Police Department.  The Clerk shall also serve a copy of this order on Plaintiff.

3        3.      In order to expedite the resolution of this case, the Court orders as follows:

4            a.      No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion, or shall notify the Court that Defendants are of the opinion that this case cannot be resolved by such a motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due</u>**.

All papers filed with the Court shall be promptly served on Plaintiff.

          b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.  Ninth Circuit authority holds that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

Partial Dismissal Order; Order of Service
P:\pro-se\sj.jf\cr.05\Roane633srv       5

1  See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

2        Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

      Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end his case, albeit without prejudice.  Plaintiff must "develop a record" and present it in his opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

      c.    Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

      d.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

    4.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

    5.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and the parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

\\\

\\\

\\\

Partial Dismissal Order; Order of Service
P:\pro-se\sj.jf\cr.05\Roane633srv      6

1  6.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
2  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is
3  required before the parties may conduct discovery.
4  IT IS SO ORDERED.
5  DATED: 5/18/07
6  JEREMY FOGEL
   United States District Judge

28  A copy of this ruling was mailed to the following:

Partial Dismissal Order; Order of Service
P:\pro-se\sj.jf\cr.05\Roane633srv                 7

1
2  Bobby Roane Jr.
   APJ-481
3  Santa Rita Jail
   5325 Broder Blvd.
4  Dublin, CA  94568
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Partial Dismissal Order; Order of Service
P:\pro-se\sj.jf\cr.05\Roane633srv                8